# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| ALFRED WAYNE PERRY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CV412-096 |
| FRANK PENNINGTON and ROBERT ATTRIDGE, | ) ) ) |
| Defendants. | ) ) |

## REPORT AND RECOMMENDATION

Alfred Wayne Perry has filed a complaint under 42 U.S.C. § 1983 claiming that Frank Pennington, the prosecutor assigned to his case, and Robert Attridge, his public defender, have conspired to obtain a conviction in his ongoing state prosecution for aggravated assault, false imprisonment, rape, aggravated sodomy, and other crimes by, *inter alia*, offering a counterfeit indictment. (Doc. 1.) He asks for damages and release from imprisonment. (*Id.* at 8.)

Having completed his *in forma pauperis* ("IFP") paperwork (docs 4 & 5), the Court will now screen his case under 28 U.S.C. §

1915(e)(2)(B)(ii), which permits a district court to *sua sponte* dismiss an IFP plaintiff's claims for failure to state a claim before service of process. *See also* 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); *cf.* 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions").

Perry's case should be dismissed. He has alleged nothing to pierce the prosecutorial immunities set forth in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."), and *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("[A]bsolute immunity extends to a prosecutor's 'acts undertaken ... in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State .....'"). Hence, any money damages claim against Pennington in his personal capacity fails outright. Moreover, Pennington cannot be sued for damages in his

official capacity because such suits are barred by Eleventh Amendment sovereign immunity.[1] *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985) (the Eleventh Amendment prohibits claims for damages against a state unless the state has waived immunity; official capacity suits against state officials are effectively suits against the state, so the same protection applies). As to his claim against Attridge, public defenders are not state actors within the meaning of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Hence Perry has failed to state a claim for relief under § 1983 against Attridge.

Finally, to the extent Perry seeks release from incarceration, he is in substance bringing a habeas action, not a § 1983 claim. *See Hudson v. Hubbard*, 358 F. App'x 116, 119 (11th Cir. 2009) (citing *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003)); *see also Wilkinson v. Dotson*, 544 U.S. 74, 77 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'")

---

[1] "[S]uits against an official in his or her official capacity are suits against the entity the individual represents." *Parker v. Williams*, 862 F.2d 1471, 1476 n.4 (11th Cir. 1989). The question, for purposes of § 1983 liability, of whether an official acts on behalf of the state or county is a question of state law. The Eleventh Circuit has examined this issue and determined that "the district attorney's authority over prosecutorial decisions . . . is vested by state law pursuant to state authority." *Owens v. Fulton County*, 877 F.2d 947, 952 (11th Cir. 1989).

(quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)); *Wolff v. McDonnell*, 418 U.S. 539, 553-55 (1974) (delineating distinctions between using § 1983 to pursue damages, and habeas for claims affecting confinement). But to do that he must first exhaust his state court remedies. If he wishes to proceed with such a claim, he must file a habeas petition, but he is advised such a petition would likely be subject to immediate dismissal for lack of exhaustion.

Accordingly, Perry's complaint should be **DISMISSED**, as it bears not even the slightest hint that it can be cured with a "second-chance" amendment. *Cf. Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-427 (11th Cir. 2010) (*pro se* IFP litigant should have been afforded an opportunity to amend deficiencies prior to dismissal where fewer than 21 days had passed since she had filed her complaint, defendants had not yet been served, no responsive pleadings had been filed, there was no risk of undue prejudice, there was no evidence of plaintiff's undue delay, bad faith, or dilatory motive, and amendment may not have been futile given additional documentary evidence attached to her appellate brief).

Meanwhile, Perry must pay for filing this lawsuit. Based upon his

4

furnished information, he owes an initial partial filing fee of $17.62. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula) (emphasis added). Plaintiff's custodian shall deduct $17.62 from Perry' account and remit it to the Clerk of Court. The custodian also shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full. In the event plaintiff is transferred to another institution, plaintiff's present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

A copy of this Order and a copy of the Consent to Collection of Fees from Trust Account shall be served upon plaintiff and his current custodian. The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

5

**SO REPORTED AND RECOMMENDED** this 23rd day of August, 2012.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA